CALLAHAN, Circuit Judge,
dissenting:
I respectfully dissent from my colleagues’ conclusion that there was no potential for coverage under the policy. Nu-kote’s counterclaims alleged that Hewlett-Packard Company (“HP”) engaged in false advertising and anticompetitive conduct throughout the worldwide market for inkjet printer refill products, including all of North America and Europe. Nu-kote further alleged that such unfair competition both within and outside the policy territory negatively impacted its ability to enter and thrive in the “relevant market.” Thus, the counterclaims may be reasonably read as alleging an “occurrence” within the policy territory.
Moreover, the policy territory provision does not specifically link coverage to the place where the offense occurred, but rather generally requires ACE to pay “for damages occurring in the course of’ and “arising out of’ enumerated advertising activities such as unfair competition. This language may be reasonably read as providing coverage for offenses that occur within the policy territory but cause injury elsewhere, just as Nu-kote alleged. Because the policy territory provision is susceptible to an interpretation that creates a potential for coverage, and because ACE has failed conclusively to show otherwise, the policy must be construed in HP’s favor. Pension Trust Fund v. Fed. Ins. Co., 307 F.3d 944, 949 (9th Cir.2002); MacKinnon v. Truck Ins. Exch., 31 Cal.4th 635, 3 Cal.Rptr.3d 228, 73 P.3d 1205, 1213, 1218 (2003). Accordingly, I would affirm the district court’s holding that ACE had a duty to defend. Given my colleagues’ contrary conclusion on this dispositive issue, there is no need to address the other issues raised in the appeal and cross-appeal.